# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

IGNACIO CASTREJON-SANCHEZ, a/k/a
Ignacio Castregon-Sanchez,
          *Defendant-Appellant.*

No. 00-4638

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-3-T)

Submitted: September 6, 2001

Decided: September 17, 2001

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Harry Thomas Church, Assistant United States Attorney, Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ignacio Castrejon-Sanchez appeals his conviction and sentence of 108 months' imprisonment for conspiracy to possess with the intent to distribute and to distribute methamphetamine and amphetamine in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Castrejon-Sanchez's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), arguing that Castrejon-Sanchez may have received ineffective assistance of counsel or that there was prosecutorial misconduct, but stating that, in his view, there are no meritorious grounds for appeal. Advised of his right to file a pro se supplemental brief, Castrejon-Sanchez has not done so. Finding no reversible error, we affirm.

Castrejon-Sanchez argues his counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the trial record conclusively establishes ineffective assistance of counsel. *See King*, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Castrejon-Sanchez's claim should be brought, if at all, in a § 2255 proceeding, not on direct appeal. We find that Castrejon-Sanchez's suggestion that the Government may have committed prosecutorial misconduct is without merit as Castrejon-Sanchez fails to submit any evidence to support this claim.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Castrejon-Sanchez's conviction and sentence. This court requires that

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*